# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

MARTIN PECORINO,

    Plaintiff,

v.                                  CASE NO.:  **JURY TRIAL DEMANDED**

EXPERIAN INFORMATION SOLUTIONS,
INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARTIN PECORINO (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA")

## PRELIMINARY STATEMENT

1. This This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

2. Today in America there are three major consumer reporting agencies: Equifax, Trans Union, and Experian.

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply

parrot information they receive from entities like Credit One Bank, particularly where a consumer makes a dispute about information reported.

4. When a consumer, like Plaintiff, disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. The Court's subject-matter jurisdiction is conferred by 15 U.S.C. § 1681(p) and 28 § U.S.C. 1367.

7. The Plaintiff is a natural person and resident of Marion County, Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Experian is a corporation headquartered in California, authorized to do business in the State of Florida through its registered agent, CT Corporation System located at 1200 South Pine Island Road, Plantation, FL 33324.

9. Experian is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

10. Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person who is alleged to owe several debts that are not his.

12. On or about May 1, 2019, Plaintiff learned he was the victim of mixed file or identity theft after learning an existing Lowe's/Synchrony Bank credit card was being closed due to information on his Trans Union credit report.

13. Plaintiff began reviewing his Experian credit report, and noticed several items which did not belong on his report, including but not limited to the following accounts:

   a. Two credit card accounts with Bank of America;

   b. A credit card with Citi Card CBNA;

   c. A credit card with Comenity under Victoria Secret;

   d. A credit card for Credit One Bank;

   e. A credit card with Wells Fargo;

   f. A credit card with Regions Bank; and

   g. A credit card with Synchrony Bank under Care Credit.

14. Upon further review of his Experian credit report, Plaintiff noticed inaccurate personal information that may belong to his son, Martin A. Pecorino. For example, Plaintiff has been retired for 18 years but the employment data reported lists an employer effective March 2019. There were addresses listed which belonged to Plaintiff's son, Martin A. Pecorino.

15. Discovery will show that, as is their duty under the FCRA, Experian forwarded Plaintiff's dispute to each of the companies of the reporting accounts.

16. Plaintiff wanted to ensure his credit report would be cleared with all three Credit Reporting Agencies so mailed a dispute letter addressing the erroneous accounts to Equifax and

Experian. This dispute letter was mailed to the Credit Reporting Agencies on or around mailed February 18, 2020.

17. Experian disregarded Plaintiff's first dispute letter and provided no feedback therefore violating 1681(i).

18. Plaintiff tried to dispute the inaccurate accounts a second time with Defendant on or around March 12, 2020. Defendant responded to Plaintiff's dispute requesting additional identification which was actually already included in the second dispute. Plaintiff had already included in his dispute letter, a copy of his Driver's License and a copy of his Social Security Card, however, Plaintiff sent Experian additional identification again on or around March 23, 2020.

19. On or around March 31, 2020, Experian responded to Plaintiff's second dispute by simply providing his credit report. This credit report that Plaintiff received did not have the erroneous accounts deleted. The report failed to address what accounts had been verified as accurate and/or which accounts were being deleted.

20. Trans Union is a credit reporting agency like Experian. Upon disputes by Plaintiff, Trans Union deleted the inaccurate accounts while Experian refuses to investigate them. Within his dispute to Experian, Plaintiff informed Experian that Trans Union had already deleted the fraudulent accounts but Experian chose to keep the inaccuracies.

21. To date, Experian has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error.

22. Experian has been aware of the identity theft or mixed file and chose not to believe Plaintiff regarding the remaining fraudulent accounts.

23. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Closure of an existing credit card;

    ii. Debt reported in his name that does not belong to him;

    iii. Defamation of credit;

    iv. Reduced credit availability;

    v. Lowered credit score due to no fault of his own;

    vi. Loss of time;

    vii. Loss of money attempting to correct the inaccurate information;

    viii. Emotional distress;

    ix. Frustration;

    x. Anxiety;

    xi. Humiliation; and

    xii. Mental anguish.

    xiii. Credit denial. Plaintiff has repeatedly attempted to get a loan to fix his roof and Experian's inaccurate reporting continues to prevent him.

24. All conditions precedent to the filing of this action has occurred.

## CAUSES OF ACTION

## COUNT I

25. The Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-four (24) as if fully set forth herein.

26. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's

credit reports and credit files it published and maintained concerning the Plaintiff. Plaintiff knows that his son's date of birth is listed in several of these accounts instead of his. Moreover, any account listing 2101 Deborah Drive, Tampa, FL 33634 as Plaintiff's address is fraudulent.

27. As a result of Defendant's violations of 15 U.S.C. § 1681e(b) Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

28. The violations by Defendant were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

29. In the alternative, Defendant was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

30. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from the CRA Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

31. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE** the Plaintiff demands judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for his attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT II

32. Plaintiff re-alleges and incorporates paragraphs (1) through twenty-four (24) above as if fully set forth herein.

33.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable. Plaintiff's initial dispute was completely ignored by Experian. Plaintiff has disputed to Experian on at least three occasions and has yet to receive a dispute result indicating what accounts were verified or deleted.  Trans Union has deleted all the inaccurate accounts while Experian willfully elects to keep them in Plaintiff's credit report.

34.     As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damages including but not limited to: loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

35.     Plaintiff has been denied and is now purposely refraining from applying for more credit because of the erroneous reporting by Experian. Experian was made aware of the dispute from the erroneous reporting and refused to remove the inaccurate accounts.

36.     Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

37.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for his attorneys fees and

costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

                                       Respectfully submitted,

                                       ***/s/ Octavio "Tav" Gomez***
                                       Octavio "Tav" Gomez, Esquire
                                       Florida Bar No.: 0338620
                                       Morgan & Morgan, Tampa, P.A.
                                       201 North Franklin Street, Suite 700
                                       Tampa, Florida 33602
                                       Telephone: (813) 223-5505
                                       Facsimile: (813) 983-2889
                                       Primary Email: TGomez@ForThePeople.com
                                       Secondary Email: DGagliano@ForThePeople.com
                                       *Counsel for Plaintiff*